(No. 4595— )

ROSELLA OWENS, SURVIVING SPOUSE AND ADMINISTRATRIX OF THE ESTATE OF CHARLES P. OWENS, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 22, 1956.*

PAYSOFF TINKOFF, JR., Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

The complaint filed by claimant in this case is for the wrongful death of decedent, who was a patient at the Chicago State Hospital, and while there met his death on the 11th day of October, 1953. It is alleged that death was due to the negligent care of decedent, who was caused to slip and fall in the shower room by another patient then in said shower. Claimant prays judgment against respondent in the sum of $7,500.00.

It appears from the record in this case that issue was joined, and the case proceeded to trial before Commissioner Immenhausen on Wednesday, April 18, 1956; that both claimant and respondent were present, represented by counsel, and that claimant introduced verbal and documentary testimony throughout all of Wednesday, and thereafter the cause was adjourned until Thursday, April 19, 1956.

It further appears from the record that claimant, through her attorney of record, announced that she would present more testimony, but that thereafter, on the morning of April 19, 1956, claimant's attorney advised respondent, through its attorney, that claimant's witnesses had failed to make out a case in favor of claimant, and that claimant did not desire to go to the expense of procuring expert testimony and of having the record written up in the case. It further appears from the record that the attorney for claimant also advised Commissioner Immenhausen of this fact.

All of the above stated facts concerning the hearing of this matter appear from a verified motion to disallow

the claim filed by respondent on April 26, 1956, together with proof of service upon claimant.

Claimant has failed to file objections to the motion duly served upon her, through her attorney, and has further failed to file a transcript of the testimony taken at the hearing. Under Rule 15, it is within the discretion of the Court to proceed with the determination of this case notwithstanding claimant's failure to file such transcript of testimony, and we will, therefore, determine this matter upon the record before us, consisting of the complaint, the Departmental Report, and the motion to dismiss filed by respondent.

According to the facts stated in the Departmental Report, claimant, Rosella Owens, and her deceased husband, Charles P. Owens, were residents of the State of Illinois, County of Cook, for many years. Rosella Owens is the surviving wife of Charles P. Owens, who died in the Chicago State Hospital on October 11, 1953 at 5:15 A. M. The deceased, Charles P. Owens, was admitted to said institution on December 11, 1952 as a mentally ill person, after having been committed thereto by the Cook County Court on December 8, 1952. He remained in the Chicago State Hospital as a patient until his death on October 11, 1953. On admission, the patient was found to be physically feeble, and mentally confused, with marked memory defects.

On August 31, 1953, the patient was in the shower room of the hospital for the purpose of taking a shower. While standing in the shower, another patient, by the name of Clarence Middleton, fell to the floor, and, in so doing, pushed against Charles P. Owens, and knocked him down. Owens complained of pain in his right hip, and was unable to stand. The attendant on duty in the shower

room when the accident occurred, a Mr. Charles Harnish, stated in his report that, on the morning of August 31, 1953, he was giving baths to patients in his ward. This included about two dozen semi-infirm ambulatory patients, many of whom Mr. Harnish had to assist in removing their gowns, seeing that they entered the showers, drying them with a towel, and putting new gowns on them. A patient slipped and fell in the shower causing two other patients to fall, one being Charles Owens. Two of the patients got up by themselves with the help of Harnish, but Charles Owens' right leg was apparently injured. Charles Owens was then sent by ambulance to the X-Ray laboratory, and then to the Acute Hospital for treatment for injuries. Claimant contended in her complaint that one of the patients falling was an alcoholic patient, and that, as a result of negligence of the alcoholic patient and the attendant, Charles Owens slipped and fell, sustaining serious internal and external injuries, as a result of which injuries Owens died on October 11, 1953.

Mr. Harnish, respondent's attendant, stated that there were no alcoholic patients assisting him in the duties of bathing the shower patients.

Under Rule 16 of the Rules of the Court of Claims, all Departmental Reports relating to any matter or case pending before the Court shall be prima facie evidence of the facts set forth therein.

The Court, therefore, will accept the Departmental Report containing the above statements with respect to the happening of this accident as prima facie evidence of the truthfulness thereof. There being no further evidence before us, such facts are held to be admitted by claimant.

Respondent's motion to dismiss the claim is based upon three grounds:

1. Claimant's witnesses failed to make out a case against respondent.

2. Claimant abandoned her case for the reason that her witnesses failed to make out a case in her favor.

3. Claimant abandoned her case after it had been called for trial; the trial had proceeded for a full and complete day, and witnesses' testimony and documents had been introduced.

The Court, having considered the entire record in this case, finds that the motion of respondent is well taken, and should be allowed, for the reason that, from the only facts appearing in the record in this Court, there is no evidence of negligence against respondent; and for the further reason that claimant herself, through her attorney, had abandoned the prosecution of this action even prior to closing her case.

It is, therefore, the order of this Court that claimant's claim, as set forth in the complaint filed herein, is denied, and that the denial of this claim constitutes a final determination; and, under Section 17 of the Court of Claims Law, the denial of said claim shall forever bar any further claim in this Court arising out of the rejected claim.